## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TODD LINGENFELTER, | : | Civil No. 3:19-cv-2214 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LT. LIPTAK, | : | |
| | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Plaintiff Todd Lingenfelter, an inmate presently incarcerated at the Benner Township State Correctional Institution ("SCI-Benner") in Bellefonte, Pennsylvania, commenced this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-1, *et seq*. (Docs. 1 and 2.)  Lingenfelter seeks to proceed *in forma pauperis*. (Doc. 3.)  The court has conducted an initial screening of the complaint pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, and for the reasons that follow, the court will grant Lingenfelter's motion to proceed *in forma pauperis* but dismiss the complaint as it fails to state a claim.  The court will grant Lingenfelter twenty-one days to file an amended complaint.

## Factual Background and Procedural History

On December 27, 2019, Lingenfelter, a Native American inmate housed in a mental health unit at SCI-Benner, filed this action against a single defendant, Lieutenant Liptak.  (Docs. 1 and 2.)  According to the allegations in the complaint, on April 22, 2019, while Lingenfelter was on the way to lunch with his cellmate Marvin Banks, Banks informed Lingenfelter that Lt. Liptak was pointing and laughing at Lingenfelter's hair style.  Lt. Liptak approached Lingenfelter saying "[you] can't have [your] hair [that] way." (Doc. 1 at 5.)[1]  Lingenfelter told Lt. Liptak not to laugh at him and that he wore his hair in this manner to honor his deceased sister.  (*Id*.)  Lt. Liptak told Lingenfelter to "take you and your ridiculous hair back to the block."  (*Id*.)  Lingenfelter returned to his cell block, perched on the second-tier railing and threatened to jump.  (*Id*.)  Lingenfelter got down from the railing after speaking with Lt. Liptak.  (*Id*. at 19.)  Prison officials subsequently placed Lingenfelter in a psychiatric observation cell because he was a danger to himself.  (*Id*. at 13.)

Lingenfelter asserts Lt. Liptak violated his First Amendment and equal protection rights as well as the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by questioning him in a disrespectful manner about his Native

---

[1] For ease of reference, the court refers to the page numbers in the CM/ECF header.

American hairstyle.  As relief he seeks a million dollars, a handwritten apology, a prayer pipe, handrum, and a pair of moccasins (size 9.5).  He also seeks a television and tablet for himself and his roommate.  (*Id*. at 6.)

## STANDARD OF REVIEW

When a litigant seeks to proceed *in forma pauperis*, without payment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint.  Similarly, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint.  *See* 28 U.S.C. § 1915A(a).  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)).  In deciding whether the complaint fails to state a claim, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to § 1915(e)(2)(B)(ii) dismissal).  Under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as

true but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578

F.3d 203, 210–11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 67–79,

(2009)).  The court may also rely on exhibits attached to the complaint and matters

of public record.  *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2).  A complaint is

required to provide "the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d

Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To test the sufficiency of the complaint, the court "must take three steps."

*Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  First, a court

must "take note of the elements a plaintiff must plead to state a claim." *Id.*

(internal quotations and brackets omitted).  Second, the court must identify

allegations that are merely legal conclusions "because they . . . are not entitled to

the assumption of truth." *Id.*  While detailed factual allegations are not required,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*,

550 U.S. at 555).  Third, a court should assume the veracity of all well-pleaded

factual allegations and "then determine whether they plausibly give rise to an

entitlement to relief." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679).

4

A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Yet, even a *pro se* plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).  *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).  A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

### A.    Lingenfelter's First Amendment Free Exercise Claim

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof ..." U.S. Const. amend. I.  The Free Exercise Clause of the First Amendment prohibits prison officials from denying an inmate "a reasonable opportunity of pursuing his faith." *See Cruz v. Beto,* 405 U.S. 319, 322 n. 2 (1972).  It is well-established that "[o]nly

5

beliefs which are both sincerely held and religious in nature are protected under the First Amendment." *Sutton v. Rasheed*, 323 F.3d 236, 250–51 (3d Cir. 2003) (citations and internal quotation marks omitted).

The court understands Lingenfelter's claim to be that that Lt. Liptak's comments regarding his hairstyle is actionable under the Free Exercise Clause. Lingenfelter is mistaken.  The First Amendment does not shield prisoners from insults or offensive statements.  Verbal comments alone do not rise to the level of a constitutional claim in the prison context.  *See Begnoche v. DeRose,* 676 F. App'x 117, 121 (3d Cir. 2017) (verbal abuse does not give rise to a constitutional claim under § 1983).   Moreover, a single incident of verbal harassment by a corrections officer regarding an inmate's religion, without more, fails to state a First Amendment claim.  *See Cameron v. Gurnoe*, Case No. 2:19-cv-71, 2019 WL 2281333, at *6 (W.D. Mich. May 29, 2019) (citing cases); *Munic v. Langan*, Civil No. 4:CV-13-2245, 2015 WL 5530274, at *4 (M.D. Pa. Sept. 18, 2015) (verbal harassment over religious beliefs does not give rise to a constitutional violation); *Thompson v. Ireland*, C.A. No. 13-150 Erie, 2014 WL 4187088, at *5 (W.D. Pa. Aug. 21, 2014) (verbal harassment based on inmate's religion is insufficient to show defendants restricted or interfered with plaintiff's free exercise of religion).

Here, Lingenfelter does not suggest that the comment regarding his hairstyle occurred on more than one occasion or that he was prohibited or dissuaded from

practicing his Native American religion due to Lt. Liptak's actions.  Therefore, Lingenfelter's First Amendment Free Exercise Claim will be dismissed without prejudice.

### B.    Lingenfelter's RLUIPA Claim

RLUIPA prohibits the government from imposing a "substantial burden" on a prisoner's religious exercise unless that burden furthers a compelling interest and is the least restrictive means of furthering that interest.  *See* 42 U.S.C. § 2000cc-1(a)(1)–(2).  "[A] substantial burden exists where: 1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; or 2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs." *Washington v. Klem*, 497 F.3d 272, 280 (3d Cir. 2007).  Therefore, to establish a *prima facie* case for a RLUIPA violation, a prisoner-plaintiff must demonstrate that a substantial burden has been placed on his or her exercise of religious beliefs. *See Robinson v. Sup't. Houtzdale SCI*, 693 F. App'x 111, 115 (3d Cir. 2017) (per curiam) ("The threshold question in any … RLUIPA case is whether the prison's challenged policy or practice has substantially burdened the practice of the inmate-plaintiff's religion.") (citing *Washington*, 497 F.3d at 277–78).

Lingenfelter alleges that Lt. Liptak harassed and humiliated him because of his Native American hairstyle.  (Doc. 1 at 6.)  These allegations fail to establish a valid claim under RLUIPA as Lingenfelter has not demonstrated that Lt. Liptak's actions or words placed a substantial burden on the exercise of his religious beliefs. He does not allege Lt. Liptak forced him to modify his religious practices or that Lt. Liptak's actions forced him to violate his religious beliefs.  Since Lingenfelter has not met the substantial burden requirement under RLUIPA, he has not established a *prima facie* case a RLUIPA violation.  Accordingly, Lingenfelter's RLUIPA claim will be dismissed without prejudice.

**C.**   **Lingenfelter's Equal Protection Claim**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  Of course, despite the Equal Protection Clause's sweeping language, it does "not forbid classifications. It simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).

Two theories exist upon which a plaintiff may predicate an equal protection claim.  The traditional theory protects a plaintiff from discriminatory treatment

based on membership in a protected class.  To prevail on a traditional equal protection claim, a plaintiff must present evidence that he is a member of a protected class and was treated differently from others who are similarly situated. *Williams v. Morton,* 343 F.3d 212, 221 (3d Cir. 2003).  The second theory, which is the "class of one" theory, requires the plaintiff to state facts showing that: "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment."  *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

As Lingenfelter does not allege he is a member of a suspect class, it appears that he proceeds under the class of one theory.  He argues that Lt. Liptak intentionally treated him differently than other inmates of "other faith groups who wear different hair styles" without reason by ridiculing him in the dining hall and sending him back to the block before he finished his meal.  (Doc. 1 at 6.)  He adds that while "there are no more hair exemptions throughout the DOC" and "no more restrictions on hair length," inmates are not permitted to wear mohawks.  (Doc. 2.) Lingenfelter describes his hairstyle that day as his "Native American top bun and scalp look."  (*Id.*)

Presently Lingenfelter's complaint is devoid of any allegations that Lt. Liptak, without any rational basis, treated him differently than other inmates suspected of having a hairstyle, religious or non-religious, that did not conform to

institutional policy.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 243 (3d Cir.

2008).  His assertion that Lt. Liptak did not question or ridicule other inmates

wearing their hair in a religious manner is conclusory, and even if accepted as true,

fails to state a plausible equal protection claim.  "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not

suffice."  *See Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949.   Accordingly,

Lingenfelter's equal protect claim will be dismissed without prejudice.

### D.    Leave to File an Amended Complaint

The court will dismiss Lingenfelter's complaint in its entirety for failure to

state a claim upon which relief may be granted pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).  However, because it is

conceivable that Lingenfelter may be able to cure the defects of his pleading, the

court will grant Lingenfelter leave to file an amended complaint.  If Lingenfelter

decides to file an amended complaint, he must clearly label the document

"Amended Complaint."  It must bear the docket number assigned to this case and

must be retyped (double spaced) or legibly rewritten (double spaced) in its entirety,

on the court-approved form.[2]  In addition, any amended complaint filed by

---

[2] In the "Caption" section of the amended complaint, Plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue.  Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

Lingenfelter supersedes (replaces) the original complaint already filed.  It must be "retyped or reprinted so that it will be complete in itself including exhibits."  M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013).

Lingenfelter is also advised that his amended complaint must be concise and direct.  *See* Fed. R. Civ. P. 8(d).  Each allegation must be set forth in individually numbered paragraphs in short, concise and simple statements.  *Id.*  Lingenfelter should make every effort to ensure his amended complaint, if handwritten, is double spaced and legible.  Illegible documents will be returned to plaintiff.

If Lingenfelter fails to file an amended complaint on the court's form within twenty-one days, and in compliance with the court's instructions, the court will dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Finally, Plaintiff is reminded of his obligation to advise the court of any change of address.  *See* M.D. Pa. LR 83.18.  His failure to do so will be deemed as abandonment of the lawsuit resulting in the dismissal of the action.

## CONCLUSION

For the above reasons, the court will grant Lingenfelter's request to proceed *in forma pauperis* but dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Lingenfelter will be granted leave to file an amended complaint.  An appropriate order shall follow.


s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated:  June 11, 2020